**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RAY NASSAR and GENA SMITH, *
*
Plaintiffs *
V. *
* NO: 3:11CV00133 SWW
EARNESTINE JACKSON, ET AL. *
*
Defendants *
*

**ORDER**

Plaintiffs Ray Nassar ("Nassar") and Gena Smith ("Smith") commenced this employment discrimination case against members of the Hughes School District School Board ("School Board"), sued in their individual and official capacities. Before the Court are (1) Plaintiffs' motions to amend or correct the amended complaint (docket entries #22, #28) and (2) Defendants' motion to disqualify counsel (docket entries #23, #24) and Plaintiffs' response in opposition (docket entry #26). After careful consideration, and for reasons that follow, the motions are denied.

**Plaintiffs' Motions to Amend or Correct**

Smith seeks leave to amend "her" complaint (docket entry #22), and Nassar seeks leave to delete certain allegations from "his" complaint (docket entry #28). Rule 20(a) of the Federal Rules of Civil Procedure permit persons to join in one action as plaintiffs if (1) they assert any right to relief with respect to or arising out of the same transaction, occurrence, or services of transactions or occurrences and (2) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a). Assuming that the criteria for permissive joinder are met in

this case, Plaintiffs may not proceed with separate complaints–they must state their claims in a single pleading. Along with her motion to amend, Smith submits a proposed pleading that fails to incorporate Nassar's claims. "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Local Rule 5.5(e). If Plaintiffs wish to add additional claims or strike certain allegations contained in the amended complaint, they should file a joint motion to file a second amended complaint in accordance with the procedure set forth in Local Rule 5.5(e).

**Motion to Disqualify Counsel**

Defendants move to disqualify Plaintiff's counsel of record, B. Michael Easley, on the ground that he "has in the past and is now currently representing Members of the Defendant school district board of directors." Docket entry #23, ¶ 1. According to Defendants, Easley is currently advising a board member regarding her own EEOC charge. Additionally, Defendants report that Easley represented the School Board in 2008 and gained "insight into the present matter that he would not have had otherwise." *Id*., ¶ 4.

Motions to disqualify counsel rest with the discretion of the court. *Midwest Motor Sports v. Arctic Sales, Inc*. 347 F.3d 693, 700 (8th Cir. 2003). "'Because of the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly strict judicial scrutiny.'" *Id*., at 700-701(quoting *Harker v. Comm'r,* 82 F.3d 806, 808 (8th Cir.1996)). In support of disqualification, Defendants cite rule 1.7 of the Arkansas Rules of Professional

conduct,[1] which prohibits a lawyer from representing a client if that representation will be either directly adverse to another client or materially limited by the lawyer's responsibilities to another client. Here, Defendants have failed to demonstrate that attorney Easley's representation of Plaintiffs in this case involves a concurrent conflict of interest as defined under Rule 1.7(a). Nor have Defendants demonstrated a risk that confidential information exchanged in connection with attorney Easley's 2008 representation of the School Board has any relation to the present case. Accordingly, the motion to disqualify will be denied.

IT IS THEREFORE ORDERED that Plaintiff Smith's motion to amend (docket entry

---

[1]This Court has adopted the American Bar Association's Model Federal Rules of Disciplinary Enforcement, which provide that a district court must apply the code of professional responsibility adopted by the highest court of the state in which the district court sits. *See* Local Rule 83.5. Rule 1.7 of the Arkansas Rules of Professional Conduct provide:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another clients; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer,
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law:
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

ARK. R. PROF'L CONDUCT 1.7.

#22) and Plaintiff Nassar's motion to amend or delete allegations (docket entry #28) are DENIED WITHOUT PREJUDICE. Plaintiffs may resubmit a single motion to amend, which complies with the requirements of Local Rule 5.5(e).

IT IS FURTHER ORDERED that Defendants' motion to disqualify counsel (docket entry #23) is DENIED.

IT IS SO ORDERED THIS 13TH DAY OF MARCH, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE