IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| RAY NASSAR and GENA SMITH, | * | |
| | * | |
| Plaintiffs | * | |
| V. | * | |
| | * | NO: 3:11CV00133 SWW |
| EARNESTINE JACKSON, individually | * | |
| and in her official capacity as a Hughes | * | |
| School Board Member, ET AL. | * | |
| | * | |
| Defendants | | |

**<u>ORDER</u>**

Plaintiffs Ray Nassar ("Nassar") and Gena Smith ("Smith") commenced this employment discrimination case under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §§ 1981 and 1983 against members of the Hughes School District School Board.[1] Before the Court is Plaintiffs' motion to compel and for attorney's fees (docket entry #42), Defendants' response in opposition (docket entry #45), and Plaintiffs' reply (docket entry #46). After careful consideration, and for reasons that follow, Plaintiffs' motion to compel will be granted, but Plaintiffs' motion for attorney's fees will be denied.

Plaintiffs, who are white, charge that members of the Hughes School District School Board, a majority of whom are black, terminated Plaintiffs' employment contracts because of their race and without affording them due process. In support of their motion to compel, Plaintiffs assert that they are entitled to a "significant body of discovery" including (1) answers to interrogatories, seeking the reasons why Defendants denied a portion of Plaintiffs' requests for admissions; (2) documents sought under subpoenas duces tecum, and (3) the personnel files of

---

[1] Plaintiffs also bring supplemental claims under state law.

seven District employees. Plaintiffs submit letters showing that they have made repeated, unsuccessful attempts to obtain responses to their discovery requests without court intervention. Additionally, Plaintiffs report that Defendants have failed to serve answers, objections, or written responses to Plaintiffs' discovery requests.

In response to Plaintiffs' motion, Defendants do not deny that they neglected to respond to Plaintiffs' interrogatories and requests for production, but they assert that "Plaintiffs' questions as to denials of Requests for Admission were not questions but rather argumentative." Docket entry #45 at 1. Although it is not clear from Defendants' response, they appear to contend that they were not required to respond to Plaintiffs' interrogatories, which ask Defendants to explain their answers to requests for admissions, because Plaintiffs' requests for admissions were argumentative.

Rule 33 of the Federal Rules of Civil Procedure requires the responding party to serve answers and objections to interrogatories within 30 days after being served. *See* Fed. R. Civ. P. 33(b)(2). "The grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Regarding requests for production of documents, Rule 34 requires a responding party to respond in writing within 30 days of being served. *See* Fed. R. Civ. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(c)

Here, Defendants failed to respond and state their objections to Plaintiffs' interrogatories and requests for production, and they have failed to show cause for their failure to comply with

their discovery obligations.  Furthermore, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . . " Fed. R. Civ. P. 33(a)(2).  Here, the interrogatories at issue seek  factual opinions permitted under Rule 33, information that is useful in narrowing the issues, which is a major purpose of discovery.  *See* Fed. R. Civ. P. 33 advisory committee notes, 1970 amendment.  The Court will order Defendants  to provide complete responses to Plaintiffs' First, Second, Third, and Fourth Sets  of Interrogatories and Requests for Production.

As for documents sought under subpoena, Defendants respond:  "The lion's share of duces tecum material was delivered to Plaintiffs' attorney today–April 4, 2012.  If any items are deficient, Defendants will promptly assemble and deliver if possible."  Docket entry #45, at 3.  Defendants also report that they have delivered Plaintiff the aforementioned personnel files.

Plaintiffs reply that Defendant Wilkins failed to produce internet protocol addresses sought under a subpoena duces tecum served upon is attorney on January 23, 2010.   In light of Defendants' pledge that they will assemble and deliver material sought under subpoenas, the Court will order Defendants to deliver to Plaintiffs the aforementioned internet protocol addresses.

Finally, Plaintiffs request that the Court award them attorney's fees for time consumed by counsel in attempts to obtain discovery.  Rule 37(a)(5) provides:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after  giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or

discovery without court action;

(ii) the opposing party's non-disclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

In support of the motion for expenses and attorney's fees, Plaintiffs' counsel submits an affidavit and an itemized list outlining the time he has spent pursuing discovery responses. *See* docket entry #42. However, counsel provides no information regarding his hourly rate, and his itemized list includes research time related to his pursuit of attorney's fees and discovery-related activities that occurred as early as November 2011, which do not fairly qualify as reasonable expenses incurred in "making the motion" to compel discovery. Because the Court is unable to determine from the information provided the amount of reasonable expenses that Plaintiffs incurred in making their motion to compel, the motion for payment of expenses and attorney's fees under Rule 37(a)(5) will be denied without prejudice.

IT IS THEREFORE ORDERED that Plaintiffs' motion to compel and for attorney's fees (docket entry #42) is GRANTED IN PART AND DENIED IN PART. Plaintiffs' motion to compel is GRANTED. Defendants are ordered to provide complete responses to Plaintiffs' First, Second, Third, and Fourth Sets of Interrogatories and Requests for Production and provide Plaintiff internet protocol addresses sought under a subpoena dues tecum within ten (10) days from the entry date of this order. Plaintiffs' motion for attorney's fees is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 14TH DAY OF JUNE, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE