IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| RAY NASSAR and GENA SMITH, | * |
| | * |
| Plaintiffs | * |
| V. | * |
| | *   NO: 3:11CV00133 SWW |
| EARNESTINE JACKSON, individually | * |
| and in her official capacity as a Hughes | * |
| School Board Member, ET AL. | * |
| | * |
| Defendants | |

## ORDER

Plaintiffs Ray Nassar ("Nassar") and Gena Smith ("Smith") commenced this employment discrimination case under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §§ 1981 and 1983 against the Hughes School District ("District"), the District's School Board members, and the District's superintendent of schools. Nassar and Smith allege that Defendants violated their federally protected rights by terminating their employment contracts based on their race and without affording them procedural due process. Plaintiffs also bring supplemental state law claims, including claims for breach of contract.

Before the Court are (1) Plaintiffs' supplemental motion for attorney fees (docket entry #54) and (2) Smith's motion to supplement her motion for partial summary judgment and for reconsideration (docket entry #58) and Defendants' response in opposition (docket entry #61). After careful consideration, and for reasons that follow, Smith's motion for reconsideration is granted in part and denied in part, and Plaintiffs' supplemental motion for attorney fees is granted.

**I.  Smith's Motion to Supplement and for Reconsideration**

Previously, Plaintiffs moved for summary judgment on claims that the District terminated their employment without due process and in breach of contract. In support of her motion, Smith presented evidence showing that the District summarily terminated her employment during a school board meeting, without providing her prior notice of the charges against her and without affording her an opportunity to respond. However, the Court found that Smith failed to allege facts or come forward with evidence showing that she had a protected property right in the remaining term of her one-year contract with the District.

Although public employees are entitled to procedural due process when they are fired from positions in which they have a legitimate expectation of continued employment, there is no constitutionally protected property interest in a particular job assignment or position, aside from the economic benefits of the job. *See Holloway v. Reeves*, 277 F.3d 1035, 1040 (8th Cir. 2002). In Smith's case, she received a post-termination letter from the District stating that any pay due her would be sent to her via certified mail. Additionally, Smith did not allege that the District failed to pay her money due under the terms of her contract. Accordingly, the Court found that Smith failed to present facts demonstrating an essential element of her due process claim–deprivation of a protected property interest--and thus denied her motion for summary judgment.

After the Court denied summary judgment in Smith's favor, she requested leave to supplement the record and reassert her dispositive motion. The Court granted Smith's request and gave Defendants an opportunity to respond to Smith's supplemental submission. Defendants have filed a response and the matter is ready for decision.

In support of her motion for reconsideration, Smith testifies by affidavit as follows:

> I received no further pay under my contract, except for one day of sick leave. Mr. Wilkins confirms this in the attached letter (Exhibit "A" to this affidavit), where he says that all I received was a check for one (1) day of sick leave. (See Exhibit "B" showing that I received one check for $168.30). I was never paid for three (3) days of pay that I had earned as of the date of my termination. Also, under my contract, I was owed another $6,462.72 (gross) for my contract through June 30. Exhibit "B" also shows my last two pay stubs were dated April 15 and April 30, 2011. The 4/30/11 paycheck was my last.

Docket entry #58, Attach (Smith Aff.). Defendants respond that "all monies owed to . . . Smith were remitted," but they provide no evidence to support that assertion.[1]

Given the uncontroverted evidence presented by Smith, the Court finds, as a matter of law, that the District deprived Smith of a protected property interest without due process. However, the question of the appropriate remedy for this constitutional deprivation remains for trial. *See Hopkins v. Saunders*, 199 F.3d 968, 979 (8th Cir. 1999)("Where an employee would have been discharged even if [she] had received due process, i.e. was discharged for cause, his sole injury is the lack of process and only nominal damages are proper.").

Smith also charges that the District breached a contractual duty to allow her to continue in her position as business manager. According to Smith, it is clear that the District breached her contract because "a party breaches a contract when the party does not do what the contract requires of him." Docket entry #37, at 10(quoting Arkansas Model Instruction 2401).

---

[1] Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

In denying Smith's motion, the Court explained that Smith shoulders the burden to present credible evidence establishing *each* element of her claim. If Smith fails to meet this initial burden, the Court must deny her motion, regardless of Defendants' response. *See Celotex Corp. v. Catrett*, 477 U .S. 317, 323 (1986). Under Arkansas law, an employment contract for a definite term may not be terminated before the end of the term, except for cause or by mutual agreement, unless the right to do so is reserved in the contract. *See Griffin v. Erickson*, 277 Ark. 433, 437, 642 S.W.2d 308, 310 (1982). Because Smith failed to come forward with facts that the District breached her employment contract by terminating her without good cause, the Court declined to grant summary judgment in her favor. Additionally, the Court found that Smith failed to allege that she suffered damage as a result of the District's breach. *See Ultracuts Ltd. v. Wal–Mart Stores, Inc.*, 343 Ark. 224, 231–232, 33 S.W.3d 128 (2000)("A person may be liable for breach of contract if the complaining party can prove the existence of an agreement, breach of the agreement, and resulting damages.").

Even considering the supplemental evidence provided by Smith, the Court finds that she has failed to come forward with evidence that her termination was unjustified. *See Joshua v. McBride*, 19 Ark. App. 31, 716 S.W.2d 215 (1986)("Whether justification exists for termination of the contract under the facts and circumstances of a case is usually a question of fact."). Accordingly, the Court's ruling with respect to Smith's breach of contract claim remains unchanged.

## II. Plaintiffs' Supplemental Motion for Attorney Fees

Previously, the Court granted Plaintiffs' motion to compel Defendants to provide complete responses to Plaintiffs' First, Second, Third, and Fourth Sets of Interrogatories and

Requests for Production.  *See* docket entry #52.  The Court found that Defendants failed to respond or state objections to Plaintiffs' discovery requests and failed to show cause for their failure to comply with discovery obligations.  Plaintiffs requested that the Court award them attorney fees for time consumed by counsel in attempting to obtain responses to Plaintiffs' discovery requests.  Rule 37(a)(5) provides:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or   discovery without court action;
>
> (ii) the opposing party's non-disclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).  In support of the motion for attorney fees, Plaintiffs' counsel submitted an affidavit and an itemized list outlining the time he spent pursuing discovery responses.  *See* docket entry #42.  However, counsel provided no information regarding his hourly rate, and his itemized list included items that did not fairly qualify as reasonable expenses or fees incurred in "making the motion" to compel discovery.  Accordingly, the Court denied Plaintiffs' motion without prejudice.

Now before the Court is Plaintiffs' supplemental motion for attorney fees.  Plaintiffs' counsel verifies that his standard hourly rate is $250 and that he expended five hours accomplishing tasks necessary to make the motion to compel.  The Court finds that the hourly rate is reasonable for this jurisdiction and that counsel expended a reasonable amount of time

making the motion to compel.  Defendants have not responded to Plaintiffs' motion, and the Court finds that the relief requested should be granted.

### III.

IT IS THEREFORE ORDERED that Plaintiff Smith's motion for reconsideration (docket entry #58) is GRANTED IN PART AND DENIED IN PART.  The motion is granted to the extent that the Court finds, as a matter of law, that Defendants terminated Smith's employment contract without providing her procedural due process.   The amount of any damages resulting from that constitutional deprivation remains an issue for trial.  Smith's motion for summary judgment on her breach of contract claim is denied.

IT IS FURTHER ORDERED that Plaintiffs' supplemental motion for attorney fees (docket entry #54) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs are awarded attorney fees in the amount of $1,250.

IT IS SO ORDERED THIS 10TH   DAY OF SEPTEMBER, 2012.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE