IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| RAY NASSAR and GENA SMITH, | * |
| | * |
| Plaintiffs | * |
| V. | * |
| | *  NO: 3:11CV00133 SWW |
| EARNESTINE JACKSON, individually | * |
| and in her official capacity as a Hughes | * |
| School Board Member, ET AL. | * |
| | * |
| Defendants | |

### ORDER

Plaintiffs Ray Nassar ("Nassar") and Gena Smith ("Smith") commenced this employment dispute under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §§ 1981 and 1983 against the Hughes School District ("District"), the District's School Board members, and the District's superintendent of schools. Nassar and Smith claim that Defendants terminated their employment based on race and without affording them procedural due process. Plaintiffs also bring supplemental state law claims for defamation and breach of contract. Now before the Court is Plaintiffs' motion *in limine* (docket entry #82 ) and Defendants' response in opposition (docket entry #86). After careful consideration, and for reasons that follow, Plaintiffs' motion is denied in part and granted in part as provided in this order. <u>The Court's rulings on motions *in limine* are subject to revision based upon developments at trial. However, any motion to reconsider the Court's prior ruling on any matter should be made outside the hearing of the jury</u>.

### I.

Previously, Plaintiffs moved for summary judgment on claims that the District terminated their employment without due process and in breach of contract. Based on the

uncontroverted summary judgment record, the Court ruled, as a matter of law, that the District deprived Plaintiffs of protected property interests without due process. However, the question of the appropriate remedy for Plaintiffs' procedural due process deprivations remains for trial. *See Hopkins v. Saunders*, 199 F.3d 968, 979 (8th Cir. 1999)("Where an employee would have been discharged even if [she] had received due process, i.e. was discharged for cause, his sole injury is the lack of process and only nominal damages are proper."). Additionally, the Court found that issues for trial remained regarding Plaintiffs' breach of contract claims.

**II**.

Trial in this matter is set to begin on January 14, 2013 in Jonesboro, and Plaintiffs seek *in limine* rulings on several matters. First, Plaintiffs ask the Court to exclude evidence of "post-termination issues," including an ethics complaint filed against Nassar after his termination and an "ethics issue" that arose after Smith's termination during a grievance hearing. The Court is without sufficient information to make a definitive ruling regarding the admissibility of evidence related to "post-termination issues." However, Defendants are directed that they may not introduce evidence regarding the aforementioned ethics complaint against Nassar or ethics issues concerning Smith without first moving for the admission of such evidence outside the hearing of the jury.

Second, Plaintiffs state that Defendants should not be permitted to "refute or deny their liability on the due process issues upon which the Court granted summary judgment." The Court is unable to foresee whether evidence related to "due process issues" might be relevant and admissible in connection with other claims and issues joined in this action. However, the Court will instruct the jury that it has been determined, as a matter of law, that Defendants terminated

Plaintiffs' employment without affording them procedural due process required under the Constitution.

Third, Plaintiffs state: "There should be no attempt by any party Defendant or witness–nor should their be any argument by counsel–attempting to dispute matters previously admitted." Given the binding nature of admissions, Defendants may not present evidence at trial that contradicts admissions previously made pursuant to Fed. R. Civ. P. 36. In the event that Defendant wishes to introduce evidence for the purpose of explanation or elaboration regarding previously admitted facts, they must first move for the admission of such evidence outside the hearing of the jury.

Fourth, Plaintiffs assert that Defendants previously admitted that certain documents were genuine and authentic and "no objection should be made as to the genuineness or authenticity of those documents, and they should be pre-admitted by the Court." It is not clear that Defendants will object to the authenticity of documents, and the Court finds that this matter should be addressed during pretrial conference.

Fifth, Plaintiffs report that in response to discovery requests, Defendants failed to identify a single person with knowledge of matters raised in this case, and they failed to produce documents having relevance to the facts of this case or which Defendants may introduce at trial. Plaintiffs assert that the Court should preclude the testimony of any defense witness, other testimony from Defendants, and Defendants should be precluded from introducing any documents or exhibits at trial.

Under Rule 26(a) of the Federal Rules of Civil Procedure, parties are under a duty to disclose and supplement discovery responses regarding the identity of each person to be called as

a witness at trial, and failure to make such disclosure permits the court to prohibit testimony from non-disclosed witnesses.[1] The Court has no reason to anticipate that Defendants intend to proffer documents that were not produced in response to discovery requests or to offer testimony from non-disclosed witnesses. Accordingly, the Court has no basis to make an informed ruling at this time. If necessary, Plaintiffs may reassert their objection during the pretrial conference.

Finally, Plaintiffs state that defense counsel should be precluded from leading witnesses, making speaking objections, or arguing the case during opening statements. As with any trial, neither side should ask leading questions on direct examination, except as necessary to develop the witness's testimony, *see* Fed. R. Evid. 611(c); make objections in an attempt to influence the testimony of a witness; or use opening statements for making argumentative or other improper comments.

### III.

---

[1] Federal Rule of Civil Procedure 26(a) requires a party to provide to the other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information-long with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Fed. R. Civ. P. 26(a)(1)(A)(i). A party is also required to timely supplement its disclosure pursuant to Rule 26(e). The sanction for noncompliance is found in Rule 37(c):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

Plaintiffs' motion *in limine* (docket entry #82) is GRANTED IN PART AND DENIED IN PART as provided in this order.  The Court's rulings on motions *in limine* are subject to revision based upon developments at trial.  However, any motion to reconsider the Court's prior ruling on any matter should be made outside the hearing of the jury.

IT IS SO ORDERED THIS 8TH   DAY OF JANUARY, 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE