IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| RAY NASSAR and GENA SMITH, | * |
| | * |
| Plaintiffs | * |
| V. | * |
| | *   NO: 3:11CV00133  SWW |
| EARNESTINE JACKSON, individually | * |
| and in her official capacity as a Hughes | * |
| School Board Member, ET AL. | * |
| | * |
| Defendants | |

## ORDER

This action came on for trial on January 14, 2013.  On January 24, 2013, pursuant to jury verdicts rendered on January 22, 2013, the Court entered judgment in plaintiffs' favor against defendants Hughes School District, Earnestine Jackson, and Jimmy Wilkins.  Now before the Court is plaintiffs' motion for "issuance of writs of execution on the 15th day after judgment." Docket entry #111.  After careful consideration, and for reasons that follow, the Court finds that the motion should be denied, without prejudice, as premature.

In support of their motion, plaintiffs state that during a Hughes School Board ("Board") meeting on January 28, 2013, the Board voted to appeal from the judgment in this case. Plaintiffs state: "Although counsel for the Board stated in the meeting that the District could post a supersedeas bond, Plaintiffs disagree."  Docket entry #111, ¶ 2.  Plaintiffs report that if defendants fail to post a supersedeas bond, plaintiffs will commence execution of the judgment on "2/7/13 to prevent the anticipated transfer of funds and alienation of assets by those individual Defendants."  *Id*., ¶ 3.  Plaintiffs "request that before any supersedeas is accepted by the Court to stay execution, they have the opportunity to inquire fully into the facts, to assure themselves of the validity and availability of the monies represented in the supersedeas."  *Id*., ¶

4.  Plaintiffs further request that "[a]s to any portion of the judgment not superseded, and in accordance with Rule 69(a)(1)" the Court order the clerk to issue separate writs of execution against all defendants who fail to post supersedeas bonds.

The Court finds that plaintiffs' motion is premature.  Pursuant to Rules 62(a) and 70(d) of the Federal Rules of Civil Procedure, plaintiffs may apply to the Clerk of the Court for writs of execution, which may not issue until 14 days after entry of the judgment.  In the event that defendants appeal the judgment and seek a stay by supersedeas bond under Rule 62(d), plaintiffs will have an opportunity to state their objections.  IT IS THEREFORE ORDERED that plaintiffs' motion for issuance of writs of execution (docket entry #111) is denied, without prejudice, as premature.

IT IS SO ORDERED THIS 5TH  DAY OF FEBRUARY, 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE