**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| RAY NASSAR and GENA SMITH,   * | |
| * | |
| Plaintiffs   * | |
| V.   * | |
| *   NO: 3:11CV00133  SWW | |
| EARNESTINE JACKSON, individually   * | |
| and in her official capacity as a Hughes   * | |
| School Board Member, ET AL.   * | |
| * | |
| Defendants | |

## ORDER

This action came on for trial on January 14, 2013.  On January 24, 2013, pursuant to jury verdicts rendered on January 22, 2013, the Court entered judgment in plaintiffs' favor against defendants Hughes School District, Earnestine Jackson, and Jimmy Wilkins.  Now before the Court is Defendants' motion to stay proceedings to enforce the judgment (docket entry #112 and #113) and Plaintiffs' response in opposition (docket entry#114).[1]  After careful consideration, and for reasons that follow, Defendants' motion is denied without prejudice.   In the event that Defendants file a notice of appeal, they may obtain a stay by supersedeas bond pursuant to Fed. R. Civ. P. 62(d).  Absent a supersedeas bond, the Court will not stay enforcement of the judgment as to any defendant in this case.

Rule 62(d) of the Federal Rules of Civil Procedure, provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

---

[1] The Court notes that Defendant Wilkins has filed a separate motion to stay enforcement of the judgment and for approval of a supersedeas bond.  *See* docket entries #117, #118.  However, the time for filing a response to that motion has not expired.

Fed. R. Civ. P. 62(d).  Defendants ask the Court to stay enforcement of the judgment without a supersedeas bond, stating as follows:

> Defendants have $450,000.00 in reserve funds in addition to regular receipts and other assets. Therefore, there is no evidence of any risk of the Defendants['] insolvency or inability to satisfy the full judgment plus accumulated interest upon ultimate disposition of the case[,] and this court is therefore permitted to order an unsecured stay.

Docket entry #112, at 2.  Defendants add that if the Court orders a supersedeas bond, they "will be expending taxpayer funds and such is not in the best interest of the taxpayer of the school children impacted by such expenditure." *Id*.

Although some courts have held that a district court may waive bond if the judgment debtor has a clear ability to pay the amount of judgment, Defendants have failed to make such a showing.  In accordance with Rule 62(d), the Court will stay proceedings enforcing the judgment in this case *only* upon posting of a supersedeas bond in the amount of the judgment and post-judgment interest pursuant to 28 U.S.C. § 1961(a), which should be calculated based upon a period of 18 months because of the uncertain completion date of the appeal process.

IT IS THEREFORE ORDERED that Defendants' motion to stay enforcement of the judgment is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 8TH DAY OF FEBRUARY, 2013.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE