IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| RAY NASSAR and GENA SMITH, | * | |
| | * | |
| Plaintiffs | * | |
| V. | * | NO: 3:11CV00133 SWW |
| | * | |
| EARNESTINE JACKSON, individually and in her official capacity as a Hughes School Board Member, ET AL. | * | |
| Defendants | * | |

## ORDER

Before the Court is Plaintiffs' motion for reconsideration (ECF No. 144), seeking an award of costs. The time for responding has passed, and Defendants have not responded. After careful consideration, and for reasons that follow, the motion is granted in part and denied in part, and Plaintiffs are awarded costs in the amount of $1,262.03.

Plaintiffs, the prevailing parties in this case, previously moved for an award of attorney's fees. Plaintiffs also submitted a list of case expenses totaling $7,949.15, but they provided no information regarding the source of the expenses. Accordingly, the Court stated: "To the extent that Plaintiffs seek to recover costs, the motion is denied without prejudice. The Court is unable to determine from the information provided whether the items listed are recoverable costs." ECF No. 142, at 13.

Now before the Court is Plaintiffs' motion for reconsideration, which is accompanied by the affidavit of Debbie Brickey, the office manager and bookkeeper for Plaintiffs' counsel.

Brickey states that a list of costs attached to her affidavit, which total $1,842.03, specify charges for costs incurred in this case. The items listed include charges for the filing fee, charges for service of process by private service companies, and witness fees and mileage expenses for deposition and trial witnesses.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that a prevailing party shall be allowed costs, other than attorney's fees, unless otherwise directed by the court or unless a federal statute or other rules provide for costs. Rule 54(d) "codifies the presumption that ... costs will be awarded to prevailing parties." *Police Retirement Sys. v. Midwest Inv. Advisory Serv.*, 940 F.2d 351, 358-59 (8th Cir. 1991). Title 28 U.S.C. § 1920 defines the expenses that may be taxed as costs under Rule 54(d)(1). These include (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under [28 U.S.C. § 1923]; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

The Court finds that all items listed by Plaintiffs are recoverable as costs, with the exception of charges from private service companies, which total $580. *See Crues v. KFC Corp.,* 768 F.2d 230, 234 (8th Cir.1985)(holding that the cost of private process services are not taxable as costs because 28 U.S.C. § 1920 contains no provision for such expenses).

IT IS THEREFORE ORDERED that Plaintiffs' motion for reconsideration (ECF No.

144) is GRANTED IN PART AND DENIED IN PART.  Plaintiffs are hereby awarded costs in the amount of $1,262.03.

    IT IS SO ORDERED THIS 22ND DAY OF APRIL, 2013.

                                                        /s/Susan Webber Wright
                                                        UNITED STATES DISTRICT JUDGE