IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| RAY NASSAR and GENA SMITH, | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| V. | * | NO: 3:11CV00133  SWW |
| | * | |
| | * | |
| EARNESTINE JACKSON, | * | |
| individually and in her official | * | |
| capacity as a Hughes School Board | * | |
| Member, ET AL. | * | |
| | * | |
| Defendants | | |

## ORDER

Plaintiffs Ray Nassar ("Nassar") and Gena Smith commenced this employment dispute against the Hughes School District ("District") and others claiming, inter alia, that the District terminated their employment contracts without providing a hearing in violation of the Due Process Clause.  A jury found for Nassar and Smith on all claims, and on appeal, the District contested Nassar's $340,000 award for economic damages on his due process claim.  The Eighth Circuit vacated Nassar's award and remanded with instructions to allow Nassar to elect between a remitted award or a new trial.  Pursuant to the Eighth Circuit's mandate, the Court offered Nassar remitted damages in the amount of $245,639.38.  Nassar has now filed notice that he rejects the offer of remittitur, and he "requests a bench trial on the issues of front pay and attorneys' fees."  ECF No. 178, ¶ 2.  For reasons that follow, Nassar's request for a bench trial on the issues of front pay and

attorneys' fees is denied, and Nassar has thirty days from the entry date of this order to reconsider the Court's offer of remittitur.

The evidence at trial established that Nassar served as the District's superintendent of schools pursuant to a three-year contract, which the District terminated when the contract had almost two years remaining.  As noted by the Court of Appeals, Nassar's economic expert, Dr. Ralph Scott, testified at trial that the value of the salary and benefits remaining on Nassar's contract at the time of his termination was $245,639.38.  Dr. Scott also testified as to the present value of Nassar's "future losses," which he likened to "front pay," and he opined that the present value of seven years of front pay for Nassar amounted to $283,557.77.

On appeal, the District argued that Nassar's $340,000 award improperly exceeded the only demonstrated value of Nassar's damages (lost salary and benefits during the term of contract), and Nassar argued that the award properly included front pay.  The Eighth Circuit vacated the Nassar's $340,000 award, noting that front pay, an equitable remedy,[1] may be awarded only by a court.  The Court further held that, even assuming that front pay is available as a due process remedy and that the District consented to a jury determination on front pay, the evidence did not support post-contract damages:

---

[1]Front pay is an equitable remedy, which a trial court in its discretion may award in an employment discrimination case to make the injured party whole.  *See Smith v. World Ins. Co.*, 38 F.3d 1456, 1466 (8th Cir. 1994).  "Front pay consists of monetary damages that may be awarded in lieu of reinstatement in situations where reinstatement is 'impracticable or impossible.'" *Newhouse v. McCormick & Co., Inc.*, 110 F.3d 635, 641 (8th Cir. 1997)(quoting *Philipp v. ANR Freight Sys., Inc.*, 61 F.3d 669, 674 (8th Cir.1995)).

> Based on the evidence presented by Nassar's economist, the award necessarily included lost salary and benefits beyond the term of Nassar's contract. The award thus assumes that Nassar's contract would have been renewed if he had received a proper hearing. Nassar's brief, however, points us to no evidence suggesting such renewal. This is not a case in which Nassar's contract had been renewed time and time again. Rather, this is a case from a generally at-will employment state, in which Nassar's contract had been renewed only once and in which board members were openly hostile to Nassar. Without some evidence that the contract would have been renewed but for the denial of due process, the evidence of post-contract damages was irrelevant, and the front-pay award was improper, whether consented to or not.

*Nassar v. Jackson*, No. 13-1953, 2015 U.S. App. LEXIS 3367, at *10 n.4 (8th Cir. March 3, 2015)(internal citations omitted).  The Court of Appeals concluded:

> Without the improper front pay, the only evidence of *the value of Nassar's salary and benefits during the term of his contract* was the economist's estimate of $245,639.38. The district court should offer remittitur to that amount. *See Racicky v. Farmland Indus., Inc.*, 328 F.3d 389, 400 (8th Cir.2003).[2] If Nassar does not consent to remittitur, the court should conduct a new trial *on this issue*. *See id.*

*Id.* Nassar, No. 13-1953, 2015 U.S. App. LEXIS 3367, at *10 (emphasis added).

In accordance with the Eighth Circuit's explicit instructions, in the event that Nassar rejects the offer of remittitur, a second trial will be limited to the value of Nassar's salary and benefits *during the term of his contract.* Under the law of the case

---

[2]In *Racicky v. Farmland Indus., Inc.*, 328 F.3d 389 (8th Cir.2003), a dairy farmer sued a cow feed supplier for negligence, claiming that feed he had purchased from the defendant injured his dairy cows. A jury found for the farmer, and awarded him lost market value and lost profits. On appeal, the Eighth Circuit held that the farmer provided insufficient evidence for the jury to determine lost profits with reasonable certainty, and reversed the damage award.  The Court of Appeals instructed the trial court as follows: "We reverse the district court's judgment on damages and remand for a new trial *on lost market value damages only*, unless the [plaintiff], within thirty days after the issuance of our mandate, consent to a remittitur of the damage award . . . " *Racicky*, 328 F.3d at 400(emphasis added).

doctrine, this Court is bound on remand to adhere scrupulously to the Eighth Circuit's mandate and may not resettle issues already settled by the appellate court's opinion. *See Klein v. Arkoma Production Co.,* 73 F.3d 779, 784 (8th Cir. 1996)(citations omitted). Here, the Eighth Circuit found, as a matter of law, that Nassar is not entitled to a front pay remedy. Because it appears that Nassar rejected the offer of remittitur based on a misunderstanding of the proper scope of a second trial, the Court will afford him an opportunity to reconsider.

IT IS THEREFORE ORDERED that Nassar is once again offered reduced damages in the amount of $245,639.38. Should Nassar refuse this offer, the Court will schedule a second trial, limited to the issue of the value of Nassar's salary and benefits during the term of is three-year contract. Nassar has up to and including thirty (30) days from the entry date of this order to file notice stating whether he accepts the Court's offer of remittitur.

IT IS SO ORDERED THIS 27TH DAY OF MARCH, 2015.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE