# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

RAY NASSAR and GENA SMITH,    *
                                *

         Plaintiffs          *

                                *

V.                                *        NO: 3:11CV00133  SWW

                                *

                                *

EARNESTINE JACKSON,          *
individually and in her official      *
capacity as a Hughes School Board   *
Member, ET AL.               *

                                *

         Defendants

## <u>ORDER</u>

Plaintiffs Ray Nassar ("Nassar") and Gena Smith ("Smith") commenced this employment dispute against the Hughes School District ("District") and others.  A jury found for Nassar and Smith on all claims and awarded damages to both plaintiffs, and on appeal, the Eighth Circuit affirmed the judgment as to Smith.  Now before the Court is Smith's "Motion for Judicial Determination of the Amount of Fees and Costs Due her Attorneys." ECF No. 179.  Also before the Court is a related motion to intervene by Reagan Scott (ECF No. 181).  After careful consideration, and for reasons that follow, Smith's motion for a judicial determination is denied for lack of subject matter jurisdiction, and the related motion to intervene is denied as moot.

In support of her motion, Smith asserts that "serious issues have recently developed . . . regarding how much of the judgment is subject to a lien for attorney's fees

and costs, and how much is payable to her." ECF No. 179, ¶ 1.   Smith, a plaintiff and judgment creditor in this case, is a defendant and judgment debtor in an unrelated state court action in the Circuit Court of Crittenden County.   On March 3, 2015, the plaintiff and judgment creditor in the state court action obtained a writ of garnishment against the Hughes School District, a defendant and judgment debtor in this case, alleging that the District is indebted to Smith by reason of the judgment in this case.   Smith states:

> All parties in this case require a judicial determination by this Court, so as to establish with certainty the amount of fees and costs to which her attorneys are entitled under their attorney's lien, as opposed to how much would be payable to the judgment creditor that issued the garnishment.

ECF No. 179, ¶ 3.

A federal court has jurisdiction to conduct supplementary proceedings necessary to protect and give effect to its judgments, but the scope of such jurisdiction is limted.  *See Peacock v. Thomas*, 516 U.S. 349, 356, 116 S.Ct. 862 (1996).   The Court's jurisdiction may not extend "beyond attempts to execute, or to guarantee eventual executability of, a federal judgment." *Id.* at 357.   Here, Smith does not request assistance in resolving matters that stand in the way of her ability to enforce this Court's judgment.   Instead, she asks the Court to resolve a priority dispute between her state court judgment creditor, who has obtained a writ of garnishment in an unrelated state court case, and the attorneys who represent her here.   The Court finds that it lacks jurisdiction to resolve this post-judgment priority dispute and therefore denies the motion for a judicial determination.

IT IS THEREFORE ordered that Defendant Smith's motion for a judicial

determination (ECF No. 179) is DENIED, and the related motion to intervene[1] (ECF No.

181) is DENIED AS MOOT.

IT IS SO ORDERED THIS 8TH DAY OF APRIL, 2015.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1]The state court judgment creditor referred to in Smith's motion is Reagan Scott.
Scott seeks to intervene in this case and asks for a "hearing to determine the respective
rights of Smith and Scott to the proceeds of the judgment herein."  ECF No. 181, at 3.