IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| RAY NASSAR and GENA SMITH, | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| V. | * | NO: 3:11CV00133 SWW |
| | * | |
| | * | |
| EARNESTINE JACKSON, | * | |
| individually and in her official | * | |
| capacity as a Hughes School Board | * | |
| Member, ET AL. | * | |
| | * | |
| Defendants | | |

## ORDER

Before the Court is a "conditional acceptance of remittitur, and motion to reconsider" by Plaintiff Ray Nassar ("Nassar"). After careful consideration, and for reasons that follow, the motion to reconsider (ECF No. 183) is denied and the Court extends to Nassar a third and final offer of remittitur.

Nassar commenced this employment dispute against the Hughes School District ("District") claiming, among other things, that the District terminated his three-year employment contract without providing him a hearing in violation of the Due Process Clause. A jury found for Nassar and awarded him $340,000 for economic damages on his due process claim.

On appeal, the District argued that Nassar's award exceeded the only demonstrated value of his economic damages: the salary and benefits that he would have received

during the period of time that remained on his three-year contract.  The Eighth Circuit considered and rejected Nassar's counter argument–that the award properly included "front pay."  The Court of Appeals held that, even assuming that a front pay is available as a due process remedy and that District implicitly consented to a jury determination of the equitable remedy, a front-pay award is improper in this case because the jury had no evidence that Nassar's contract would have been renewed if he had received a proper hearing.

Finding that the jury awarded damages in excess of the amount proved at trial, the Eighth Circuit directed this Court on remand to offer remittitur to the maximum amount proved: $245,639.38.  The Eighth Circuit instructed:

> Without the improper front pay, the only evidence of *the value of Nassar's salary and benefits during the term of his contract* was the economist's estimate of $245,639.38. The district court should offer remittitur to that amount. *See Racicky v. Farmland Indus., Inc*., 328 F.3d 389, 400 (8th Cir.2003).  If Nassar does not consent to remittitur, the court should conduct a new trial *on this issue*. *See id.*

*Id*.  Nassar, No. 13-1953, 2015 U.S. App. LEXIS 3367, at *10 (emphasis added).

In accordance with the Eighth Circuit's instructions, the Court offered remittitur in lieu of a second trial on the issue of damages.  Nassar filed notice that he rejected the offer, and he requested a "bench trial on the issues of front pay and attorneys' fees."  ECF No. 178, ¶ 2.

By order entered March 27, 2015 (ECF No. 180), the Court denied Nassar's request for a second trial on the issue of front pay and notified him that in accordance

with the Eighth Circuit's mandate and explicit instructions, a second trial would be limited to the value of his salary and benefits during the term of his contract.  The Court provided Nassar a detailed explanation regarding the Court's interpretation of the Eighth Circuit's mandate[1] and offered him a second opportunity to accept the offer of remittitur.

Now before the Court is Nassar's "conditional acceptance of remittitur, and motion to reconsider."  ECF No. 183.  Nassar contends that the Eighth Circuit's instructions "seemed to say two things," and he argues that last sentence of the mandate, quoted above, means that if he rejects remittitur, a bench trial must be conducted on the issue of front pay.  Read in context, the meaning of the last sentence is clear:  The "issue" for trial is "the value of Nassar's salary and benefits during the term of his contract."  Even if the plain language of the mandate left room for doubt, which it does not, the Eighth Circuit's citation to *Racicky v. Farmland Indus., Inc.*, 328 F.3d 389, 400 (8th Cir.2003) confirms that a second trial in this case must be limited to the value of Nassar's salary and benefits during the term of his contract.[2]

---

[1] With his "conditional acceptance" of remittitur, Nassar requests "the Court's interpretation of the [Eighth] Circuit's opinion on this matter."  ECF No. 183, at 2.  The Court's order entered March 27, 2015 fully explains this Court's understanding of the Eighth Circuit's mandate.

[2] As noted in the Court's order entered March 27, 2015, in *Racicky v. Farmland Indus., Inc.*, 328 F.3d 389 (8th Cir.2003), a dairy farmer sued a cow feed supplier for negligence, claiming that feed he had purchased from the defendant injured his dairy cows. A jury found for the farmer, and awarded him lost market value and lost profits.  On appeal, the Eighth Circuit held that the farmer provided insufficient evidence for the jury to determine lost profits with reasonable certainty, and it reversed the damage award.  The Court of Appeals instructed the trial court as follows: "We reverse the district court's judgment on damages and remand for a new trial *on lost market value damages only*, unless the [plaintiff], within thirty days after the

In the event that the Court denies Nassar's motion for reconsideration, which it does, Nassar states that he "conditionally accepts remittitur of the front pay awarded to him . . . praying that in the interests of justice, he be provided with the Court's interpretation of the [Eighth Circuit's] opinion on this matter, to preserve his right to appeal." ECF No. 183, at 2.

Contrary to Nassar's statement, the offer of remittitur in this case does not represent a remittitur or reduction of front pay.  Instead, the remittitur offered represents a substitution of the Eighth Circuit's judgment for that of the jury regarding the appropriate award of damages in this case, which the Eighth Circuit held is limited to the value of Nassar's salary and benefits during the term of his three-year contract and <u>may not include front pay</u>.  Nassar is advised that the Supreme Court has held that a plaintiff may not appeal from a remittitur order that he has accepted, even where the acceptance is made under protest in an attempt to open the order to challenge on appeal.  *See Donovan v. Penn Shipping Co.*, 429 U.S. 648, 97 S.Ct. 835 (1977); *see also Johnson v. Rogers*, 621 F.2d 300, 306 (1980)).

With the foregoing matters understood, the Court extends a <u>final</u> offer of remittitur to Nassar in the amount of $245,639.38.  Should Nassar refuse this offer, the Court will schedule a second trial, limited to the issue of the value of Nassar's salary and benefits

---

issuance of our mandate, consent to a remittitur of the damage award . . . " *Racicky*, 328 F.3d at 400(emphasis added).

during the term of is three-year contract.  Nassar has up to and including five (5) days from the entry date of this order to file notice stating whether he accepts the Court's offer of remittitur.

       IT IS SO ORDERED THIS 11th  DAY OF MAY, 2015.

                                  <u>/s/Susan Webber Wright</u>
                                  UNITED STATES DISTRICT JUDGE